## STALE CLAIM FOR ALIMONY.

Circuit Court of Cuyahoga County.

SARAH MORGAN v. JOSEPH WAKELIN.*

Decided, February 29, 1904.

*Alimony—Equity—Delay of Twenty-Four Years in Asking Alimony Makes Claim Stale.*

A delay of twenty-four years after a husband has secured a divorce in another state, before applying for alimony, during all of which time the husband was the owner of real estate situated in the county which might have been subjected to the payment of alimony and during which time the wife has remarried, makes a claim for alimony stale.

*E. Sowers*, for plaintiff in error.
*Blandin, Rice & Ginn*, contra.

HALE, J. (orally) ; MARVIN, J., and WINCH, J., concur.

Mrs. Morgan, who brings this action, was formerly the wife of Wakelin. In 1876 they were divorced, and the same year she married Morgan and has been his wife since that time. She brings an action now for alimony. The case was commenced in 1900, and seeks to reach real estate located in this county. One parcel of real estate is owned in common, as the deeds show, by her and her former husband, Wakelin. That property she has occupied during all these years, notwithstanding the husband has the title to one-half of it. The other parcel of property was acquired by Wakelin in 1888.

The court below held that under these circumstances the action was delayed too long; that the cause of action, being equitable in its nature, had become stale, and that courts would not entertain now an action to enforce it. This judgment of the court of common pleas was rendered upon the pleadings as they stood, without any evidence. If it is desirable to review the judgment of the court of common pleas, it can be easily done as it now

---

*Affirmed without opinion, *Morgan v. Wakelin*, 72 Ohio State, 656.

stands. We are inclined to think the court of common pleas was correct, as more than twenty-four years had elapsed between the granting of the decree and the bringing of this action.

The reason why alimony was not allowed in the first action was because the divorce was granted in Arkansas, on the application of the husband, and gave the wife no opportunity to make a claim for alimony.

The property has all the while—one parcel since the divorce and the other parcel since 1888—been in this county, and could have been reached as well before 1900 as in 1900, and we are inclined to hold that the court of common pleas was correct in rendering judgment on the pleadings and we affirm the judgment.